UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEBER GUERRA-ALVARADO,

                          Petitioner,

        v.

MARKWAYNE MULLIN, *et al*.,

                          Respondents.

Case No. C26-1314-MLP

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner Heber Guerra-Alvarado is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he asserts that his continued detention without an individualized custody determination violates his rights under the Due Process Clause of the Fifth Amendment. (Dkt. # 1.) Petitioner seeks release from custody or, in the alternative, a bond hearing. (*Id.*) Respondents have filed a return to the petition (dkt. # 6), together with the declarations of ICE Deportation Officer Kurtis Reed (dkt. # 7) and Respondents' counsel Lawrence Van Daley (dkt. # 8). Petitioner has filed a traverse in response to Respondents' return. (Dkt. # 9.) The Court, having reviewed the parties' submissions and the governing law, DENIES Petitioner's petition for federal habeas relief and DISMISSES this action.

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 1

## I.    BACKGROUND

Petitioner is a native and citizen of Honduras. (Reed Decl., ¶ 3; Van Daley Decl., Ex. 2 at 1-2.) On or about October 12, 2005, Petitioner was encountered by United States Border Patrol near Riviera, Texas. (*See* Reed Decl., ¶ 3; Van Daley Decl., Ex 2 at 3.) He was then detained, processed for expedited removal under 8 U.S.C. § 1225(b)(1), and removed to Honduras on or about October 26, 2005. (Reed Decl., ¶ 4; Van Daley Decl., Exs. 1, 2 at 3.)

On or about November 1, 2005, Petitioner re-entered the United States near El Paso, Texas. (*See* Van Daley Decl., Ex. 3 at 1.) ICE's Office of Enforcement and Removal Operations ("ERO") subsequently encountered Petitioner at the South Correctional Entity jail in King County, Washington, on January 7, 2012. (Reed Decl., ¶ 6; Van Daley Decl., Ex. 2 at 3.) Upon Petitioner's release from local custody, he was detained by ERO under 8 U.S.C. § 1231 and his prior removal order was reinstated. (Reed Decl., ¶ 6; Van Daley Decl., Ex. 3.) Petitioner was removed from the United States a second time on February 22, 2012. (Reed Decl., ¶ 7; Van Daley Decl., Ex. 2 at 3.)

After he was removed for a second time, Petitioner illegally re-entered the United States yet again at an unknown time and location. (Reed Decl., ¶ 8.) On March 19, 2026, ERO Seattle identified Petitioner as a citizen and national of Honduras who had previously been removed from the United States pursuant to a prior order of removal, and who had no pending or approved immigration applications that would allow him to remain in the United States. (Van Daley Decl., Ex. 2 at 2.) An ERO supervisor thereafter issued a warrant for Petitioner's arrest and ERO Seattle initiated an investigation to locate and apprehend Petitioner. (*See id.*) The investigation revealed that Petitioner resided at an address in Burien, Washington, and on March 25, 2026, an arrest team arrived at Petitioner's residence in an attempt to locate and arrest him. (*See id.*)

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 2

While surveilling the residence, the arrest team observed Petitioner driving away from the residence and they conducted a vehicle stop. (*See* Van Daley Decl., Ex. 2 at 2.) Because Petitioner's car had darkly tinted windows that prevented the arrest team from seeing inside the vehicle, officers directed Petitioner to roll down his window. (*Id.* at 3.) Petitioner refused officers' directives to roll down his window and to exit the vehicle, and the vehicle continued to roll forward. (*Id.* at 2-3.) Petitioner was advised that his window would be broken and he would be escorted from the vehicle if he did not comply with officers' directives, but he refused to cooperate. (*Id.* at 3.) Officers ultimately broke multiple windows, removed Petitioner from the vehicle, and placed him under arrest. (*Id.*) Petitioner was then detained under 8 U.S.C. § 1231, and his prior removal order was reinstated pursuant to 8 U.S.C. § 1231(a)(5). (Reed Decl., ¶ 9; Van Daley Decl., Exs. 4, 5.)

At the time he was processed for arrest on March 25, 2026, and again on March 31, 2026, Petitioner expressed a fear of returning to Honduras and he was referred to United States Citizenship and Immigration Service ("USCIS") for a reasonable fear interview with an asylum officer. (Reed Decl., ¶ 10; Van Daley Decl., Ex. 2 at 3.) On April 10, 2026, USCIS determined Petitioner did not have a reasonable fear of return to Honduras, and Petitioner requested review of that decision by an immigration judge. (Reed Decl., ¶ 11; Van Daley Decl., Ex. 6.) An immigration judge upheld the negative credible fear finding on April 22, 2026. (Reed Decl., ¶ 12; Van Daley Decl., Ex. 7.) Petitioner was served with a notice of imminent removal on April 29, 2026, at NWIPC. (Dkt. # 5.)

## II.   DISCUSSION

Federal courts have authority to grant writs of habeas corpus to individuals detained in "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 3

In his petition, Petitioner claims that he is currently in removal proceedings with an asylum application pending, that he is detained pursuant to 8 U.S.C. § 1226(a), and that Respondents have failed to provide him with a meaningful opportunity to be heard before a neutral decisionmaker to determine if his continued detention is justified. (*See* dkt. # 1.) Petitioner alleges that the failure to provide him with an individualized custody determination violates the Due Process Clause of the Fifth Amendment. (*Id.*) Petitioner seeks immediate release from custody or, in the alternative, a prompt individualized bond hearing. (*Id.*)

Respondents assert that Petitioner's petition is based on factual and legal errors, arguing that Petitioner is detained not under § 1226(a), but is instead detained under the mandatory detention provisions of 8 U.S.C. § 1231(a) following the reinstatement of a prior final order of removal on March 25, 2026. (Dkt. # 6 at 5.)

Section 1226(a) grants the Department of Homeland Security ("DHS") the discretionary authority to determine whether a noncitizen should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings. *See* 8 U.S.C. § 1226(a); *Avilez v. Garland*, 69 F.4th 525, 529-30 (9th Cir. 2023). However, once a removal order becomes administratively final, DHS's detention authority shifts to 8 U.S.C. § 1231(a). Section 1231(a) provides generally that when a noncitizen is ordered removed, the government shall remove the noncitizen within a period of 90 days (the "removal period") and shall detain the noncitizen during the removal period. *See* 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). The removal period begins on the date the order of removal becomes administratively final. 8 U.S.C. § 1231(a)(1)(B)(i).

Where, as here, a noncitizen reenters the United States illegally after having been removed under an order of removal, the prior order of removal is reinstated from its original

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 4

date. 8 U.S.C. § 1231(a)(5). The statute provides that the reinstated removal order "is not subject to being reopened or reviewed" and that the noncitizen "shall be removed under the prior order at any time after reentry." *Id.* The Supreme Court has made clear that a reinstated removal order is "administratively final" and therefore subjects a noncitizen to mandatory detention under § 1231 rather than discretionary detention under § 1226(a), even where the noncitizen pursues fear-based protection claims upon reinstatement of the removal order. *Johnson v. Guzman Chavez*, 594 U.S. 523, 533–38 (2021). The Ninth Circuit reached the same conclusion in *Padilla-Ramirez v. Bible*, 882 F.3d 826, 831-32 (9th Cir. 2017).

While Petitioner emphasizes in his petition that his detention is governed by 8 U.S.C. § 1226(a) and that he is therefore entitled to an individualized custody determination (*see* dkt. # 1 at 7-10), he argues in his traverse that the statutory detention labels, *i.e.*, § 1226(a) and § 1231(a), do not answer the constitutional question of what process must accompany continued incarceration (dkt. # 9 at 5). Petitioner asserts that "where physical detention is at issue, due process requires procedures adequate to guard against erroneous and unnecessary confinement." (*Id.* at 6.) Petitioner highlights his "years of settled liberty" prior to his arrest, and he suggests that even in a reinstatement case such considerations are relevant for due process purposes. (*See id*. at 5-6, 9-10.) Petitioner maintains that due process requires he be afforded an opportunity to challenge the necessity of his continued detention before a neutral decisionmaker, and that the government is required to justify his continued detention based on flight risk or danger to the community. (*See* dkt. ## 1 at 7-10, 9 at 4-11.)

Petitioner, however, identifies no authority to support his position that a bond hearing is required in the circumstances presented here, and the authority cited by Respondents suggests to the contrary. And indeed, § 1231(a)(2) conclusively establishes the necessity of detention at this

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 5

juncture as it affords DHS time to execute the removal order. As the record makes clear that Petitioner is subject to a final order of removal, and that 90-days have not yet elapsed since his removal order was reinstated and therefore became administratively final for purposes of this action, Petitioner's detention is lawful and no individualized custody hearing is required.

### III.    CONCLUSION

Based on the foregoing, Petitioner's petition for writ of habeas corpus (dkt. # 1) is DENIED and this action is DISMISSED.

DATED this 8th day of May, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 6